GILLESPIE *v*. RHEA COUNTY.

(*Knoxville*, September Term, 1950.)

Opinion filed December 9, 1950.

O. W. McKenzie, of Dayton, for complainant.

C. P. Swafford, of Dayton, for defendant.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Gillespie sued Rhea County for breach of contract of employment as the Service Officer of the County. The Chancellor heard the matter on bill and answer and rendered judgment against the County for $1,800, this amount being the balance due Gillespie on his contract as made with the County for the full term of his contract. The County Court had entered into a contract with Gillespie at so much per month for a period of two years. Meantime the personnel of the County Court changed, the new Court discharged Gillespie by first doing away with the office, then re-creating it and electing another individual to this place. Gillespie did not serve after September 30, 1948. The suit for damages was for the unexpired term of the contract.

The Court of Appeals rendered judgment in favor of Gillespie for $600 this being for the months that an appropriation had been made by the old County Court for the position. The term of the old Court expired on September 1, 1948, yet at its designated time prior thereto that Court in making the general appropriations for the County had appropriated for this position the money up through December 31, 1948. It was for this time, October 1, 1948, through December 31, 1948, that the

Court of Appeals rendered judgment in favor of Gillespie.

Both parties have filed petitions for certiorari which have been heretofore granted and the matter has been ably briefed and argued before this Court.

The crucial question presented by the case is: Does the County Court have the right to elect a Service Officer for a period extending into the term of its successor Court?

The various Counties of the State through their County Courts, and the various municipal corporations of the State through their governing bodies, are authorized to employ Service Officers by virtue of Chapter 38 of the Public Acts of the General Assembly of 1945. The County Courts and municipalities may elect such officers either singly or by a combination of the Counties and Cities working together in specified areas. The Act, Chap. 38, Public Acts of 1945, is codified under Code Sections 1012.18 through 1012.20. Immediately preceding the codification of this Act, Chapter 40 of the Public Acts of 1945 is codified in the Code under Sections 1012.10 through 1012.17. Under Code Section 1012.13 the Governor of the State is given the power to appoint "a director of the department of veterans' affairs, . . ." whose duties in general and qualifications for the office in general are those as fixed by the various Service Officers allowed the Counties and municipalities. There is no specified term of office for either the director of veterans' affairs or for the Service Officer. The Service Officer of the various Counties and municipalities serves under the director of veterans' affairs and really works through the director of veterans' affairs in the administration of their duties.

The obvious purpose for the establishment of such offices in the State and various Counties and municipalities thereof was for the purpose of enabling veterans of World War II to rehabilitate themselves in civil life after their return from the service and to aid and advise these veterans in obtaining rights granted them by both the Federal and State governments. These officers were given the right to administer oath etc., and do other things necessary to aid such returning veterans.

This Court in *State ex rel. Lawson* v. *Farmer,* 189 Tenn. 276, 225 S. W. (2d) 60, 61, determined that "a Service Officer" is not a public officer, "but rather an employee by contract". It would thus necessarily follow that if the Service Officer is an employee by contract that he may be discharged as any other employee, the Act creating the office not specifying any term of office for which he was or could be elected or appointed.

The answer to the question posed depends primarily on whether or not the office of Service Officer comes under the legislative or governmental power of the County or whether or not the position comes under the proprietary or business powers of the County. The basis of the distinction between the two is difficult to state. Ordinarily it might be said that when a County or City is exercising its legislative or governmental powers it is doing something with respect to the public duty generally while in the exercise of its private or proprietary powers it is doing something affecting the corporate body alone and not the public generally.

The apparent rule in this State is that County Courts are incapable of acting in a proprietary capacity. See Vanderbilt Law Review, June, 1950, page 835.

492

■ The overwhelming weight of authority is to the effect that "in the exercise of its governmental and legislative powers, a board cannot, without statutory authorization, make a contract extending beyond its own term; but in the exercise of business or proprietary powers, a board may, unless restrained by statute, contract as freely as if it were an individual." 149 A. L. R. 336.

It seems to us that the very wording of the Act, allowing County Courts and municipalities to create Service Offices, that it is shown the County Court is acting in its governmental or legislative capacity as distinguished from its private proprietary or business capacity.

■ The Service Officer, Gillespie, was a mere employee of the County and was subject to be discharged as are other employees of the County. The old County Court in making the contract beyond its term of office was exceeding its authority. The Statute authorizing the appointment of Service Officers did not specify that they could or should be elected for a specified term of office. It is perfectly obvious to us that these officers were appointed at the will of the County Court or the governing body of the City who appointed them as was the chief Service Officer who was appointed by the Governor under whom these County and City Service Officers served. The Chief Executive of the State having the power to appoint the Chief Service Officer and the Statute not providing any term for which he should be appointed it necessarily follows that the Governor had the right to fire this Officer at his pleasure and that he would have no power to appoint such officer for a term beyond the term of the Chief Executive appointing such officer.

If a contract for two years is good there seems to be no reason why the County Court could not enter into a contract for life. The contract must be regarded as a valid and binding contract or as void *ab initio* because the implied power to remove cannot be contracted away so as to bind the appointing authority to retain a minor officer or employee for a definite, fixed term. This is a universally accepted rule where the tenure of office is not prescribed by Statute or the Constitution. Under such circumstances the power to remove is an incident to the power to appoint. 43 Am. Jur., Sec. 183, page 31; Annotation 91 A. L. R. 1097. The Statute does not provide any term for these Service Officers appointed by County Courts or municipalities nor does it provide for any term for the Chief Service Officer appointed by the Governor. Our Constitution does not make any provision for an officer of the kind, neither does our Constitution provide for life tenure of any office. This being true it certainly seems to follow that an office of the kind must fall within the employee class where the employer has a right to fire which obviously follows the employer's right to hire. Under our system of government when a new executive comes into office or a new County Court comes into office or a new governing body of municipality comes into office they have a right to hire new employees for the positions under them. To obviate the change in personnel in many of these offices, civil service has been established in the State and in many municipalities and those working under civil service may only be fired for cause while at the same time those acquiring positions under civil service must pass an examination for their position. The office in question is not under civil service and none of the provisions of the Civil Service Act, Code, Section 423.24a et seq., apply.

We are of the opinion, consequently, for the reasons hereinbefore stated that the term of office of the Service Officer here expired at least when the term of office of those hiring this officer expired. The new County Court had a right to employ such employees as they saw fit for the various positions. The result is that the judgment of the lower courts is reversed and the cause dismissed. The costs of the cause will be taxed against Gillespie and the sureties on his prosecution bond.

All concur.