SPECTOR, Chief Judge.
Appellant seeks reversal of his conviction and sentence on charges of breaking and entering with intent to commit a felony and attempted grand larceny which were tried before a jury.
The sole issue raised on this appeal is the correctness of the trial court’s order denying appellant’s motion to dismiss the information charging him with the above crimes on the ground that the information was signed and filed by an unauthorized person as assistant state attorney. The subject offenses occurred January 30, 1972. The information was filed February 1, 1972. On the latter date, Honorable Don Nichols was State Attorney, having recently succeeded Honorable Edward Austin in that .office. The information was filed by Honorable Jerry Stillson who had been appointed Assistant State Attorney by Mr. Nichols’ predecessor. It is agreed that Stillson was properly appointed by Austin. When Austin left office and Nichols began *604 his tenure, Stillson continued to serve and act as Assistant State Attorney.
Appellant contends that Stillson had no authority to file the subject information because although he had been duly appointed and sworn by Austin, he had not been reappointed and sworn by Nichols when the latter took office or between that time and the time of the filing of the information. Apparently in an abundance of caution, Stillson was in fact reappointed and sworn by Nichols in March 1972.
Appellant relies on Section 27.181, Florida Statutes, F.S.A., which is as follows:
“(2) Each assistant state attorney appointed by a state attorney under the authorization of this act shall serve during the pleasure of the state attorney appointing him. Each such appointment shall be in writing and shall be recorded in the office of the clerk of the circuit court of the county in which the appointing state attorney resides. No such appointee shall perform any of the duties of assistant state attorney until he shall have taken and subscribed to a written oath that he will faithfully perform the duties of assistant state attorney and shall have caused the same to be recorded in the office of the clerk of the circuit court of the county in which the appointing state attorney resides. Upon the recordation of such appointment and oath, the appointing state attorney shall promptly cause certified copies thereof to be transmitted to the state comptroller. When any such appointment shall be revoked, the revocation thereof shall be made in writing and shall be recorded in the office of the clerk of the circuit court of the county in which the appointment is recorded, and the state attorney executing the same shall forthwith cause a certified copy thereof to be transmitted to the state comptroller. If any such appointee dies or resigns, the appointing state attorney shall promptly give written notice of such death or resignation to the state comptroller.”
Based on the foregoing statutory provision, appellant contends that having been appointed by Austin, Stillson can serve only “during the pleasure of” Austin and not beyond Austin’s tenure in office continuing on into and during Nichol’s tenure as state attorney. Appellee contends, however, that the language “shall serve during the pleasure of the state attorney appointing him” merely provides that the services of a duly appointed assistant may be terminated at the pleasure of the state attorney. Appellee argues in effect that the statutory language makes it clear that an assistant may be terminated or replaced without cause at the will or pleasure of the state attorney. We agree.
The very statute relied upon by appellant provides for the manner in which an appointment as assistant state attorney may be revoked. It states that when such appointment is revoked, the revocation shall be made in writing and recorded in the office of the clerk of the circuit court. The clear implication of the statute is that until an appointment is revoked in writing and recorded pursuant to the statute, the person holding the appointment continues to hold such position. In the case at bar, there is no suggestion that Stillson’s appointment had been revoked in the only manner provided by statute, that is, in writing.
Accordingly, we hold that the information in the case at bar was signed and filed by a person duly authorized to perform such acts. Article V, Section 9A, Florida Constitution, F.S.A.
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.