**Fuller REED, Plaintiff,**

v.

**HAMBLEN COUNTY, TENNESSEE, et al., etc., Defendants.**

**No. CIV-2-78-207.**

United States District Court, E. D. Tennessee, Northeastern Division.

Memorandum Opinion and Order Dec. 12, 1978.

On Sufficiency of Claim Jan. 5, 1979.

---

Jim W. Stambaugh, Morristown, Tenn., for plaintiff.

John F. Dugger, Bacon, Dugger & Jessee, Morristown, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for injunctive relief and money damages by the plaintiff, the veterans' service officer of the defendant Hamblen County, Tennessee, against such county and its individual chairman and members of its legislative body. The plaintiff claims that he, a citizen of the United States, was deprived of his rights to associative free speech, Constitution, First Amendment, and to due process of law, Constitution, Fourteenth Amendment, by the defendants, acting under color of Tennessee law. 42 U.S.C. § 1983. Although unstated in his verified complaint, it is assumed that the plaintiff undertakes to invoke the jurisdiction of this Court under the provisions of 28 U.S.C. § 1343(4).*

 The plaintiff submitted to the Court a proposed order for the defendants to show cause why an injunction should not issue

---

* "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

　　*　　*　　*　　*　　*　　*

"(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights. *　*　*" 28 U.S.C. § 1343(4).

from this Court "* * * requiring the defendants to immediately restore, employ and place or allow the plaintiff to assume the duties as [v]eterans] [s]ervice [o]fficer for Hamblen County pending a final hearing of this cause. * * *" This proposed order was supported by the affidavit of the plaintiff, see *Wounded Knee Legal Defense/Offense Com. v. F. B. I.,* C.A.8th (1974), 507 F.2d 1281, 1286–1287[9].

"An injunction can issue only after the plaintiff has established that the conduct sought to be enjoined is illegal and that the defendant[s], if not enjoined, *will engage* [emphases added] in such conduct. * * *" *United Transportation Union v. Michigan* (1971), 401 U.S. 576, 584, 91 S.Ct. 1076, 1081, 28 L.Ed.2d 339, 346[12]. Here, the plaintiff contends that the defendants' removal of him from his elected position has already been accomplished. Under those circumstances, this Court, in the exercise of its discretion, will pretermit consideration of the issuance of any injunction until a time when oral testimony, subject to cross-examination, is received. See *Industrial Electronics Corporation v. Cline,* C.A.3d (1964), 330 F.2d 480, 483[9], and *K–2 Ski Company v. Head Ski Co.,* C.A.9th (1972), 467 F.2d 1087, 1088[1].

Accordingly, the Court hereby ORDERS the trial of this action on the merits, with the exception of the issue of any money damages, be advanced and consolidated with the hearing of the plaintiff's application for an injunction. Rule 65(a)(1), Federal Rules of Civil Procedure. The clerk will assign such trial, as thus limited, and hearing to commence December 20, 1978 at two o'clock in the afternoon, or as soon thereafter as this matter may be reached by the Court.

## ON SUFFICIENCY OF CLAIM

Trial of this action on the merits, except as to any money damages, was consolidated with the hearing of the plaintiff's application for an injunction and conducted on January 3, 1979. See memorandum opinion and order herein of December 12, 1978. After hearing the testimony of the plaintiff Mr. Fuller Reed and another of his witnesses and receiving certain stipulations of the parties, the Court suspended the trial for a consideration of whether Mr. Reed has asserted a claim upon which relief can be granted in this Court.

He claims that he was discharged by the defendants as the veterans' service officer of Hamblen County, Tennessee, which is nonconfidential, nonpolicymaking public employment, solely because of his partisan political conduct. The federal Constitution precludes such a discharge on that basis. *Hollifield v. McMahan,* D.C.Tenn. (1977), 438 F.Supp. 591, 593[2]. The Court hereby FINDS that Mr. Reed was not thus discharged by the defendants, but instead that the defendants did not rehire him for a subsequent period of employment.

The events implicated in this lawsuit occurred while the state of Tennessee was changing certain relevant provisions of its Constitution. In the summer of 1978, Mr. Reed was elected by vote of the justices of the peace who then constituted the quarterly county court of Hamblen County, Tennessee as its veterans' service officer for the ensuing fiscal year, 1978–1979. The terms of office of those justices of the peace expired at midnight, August 31, 1978; therefore, the justices of the peace comprising the former quarterly county court of Hamblen County exceeded their authority in making the contract of Mr. Reed's employment for a period ending "* * * beyond * * *" their own terms of office as members of such court. *Gillespie v. Rhea County* (1950), 191 Tenn. 487, 235 S.W.2d 4, 6–7[5].

The authority of the former quarterly county court of Hamblen County to engage a veterans' service officer was both enabled and limited by Tennessee statutes, i. e., T.C.A. §§ 7–1011, 7–1013. There is no term of office for veterans' service officers of Tennessee specified therein. *Gillespie v. Rhea County, supra,* 235 S.W.2d at 6. That office is not under civil service. *Ibid.,* 235 S.W.2d at 7.

A new legislative body of Hamblen County, Tennessee was created, effective September 1, 1978, by amendments to the Constitution of Tennessee, and new members thereof (so-called county commissioners) had been elected and took office on that date. This new county legislative body thereupon " * * * had a right to employ such employees as they saw fit for the various positions, * * * " including an employee to serve as veterans' service officer of that county. *Ibid.,* 235 S.W.2d at 7[8].

Mr. Reed sought reemployment as the veterans' service officer of his county at the hands of this new county legislative body at its specifically-called session of November 13, 1978. A majority of the members of that body saw fit to employ a person other than Mr. Reed as the veterans' service officer of Hamblen County. As Mr. Reed was serving on that date beyond the term for which he could have been employed lawfully, the mere failure of the new governing body of Hamblen County to rehire Mr. Reed in that capacity, whether from political considerations or otherwise, cannot be deemed the discharge of Mr. Reed as a nonconfidential, nonpolicymaking employee under a patronage system. *Ramey v. Harber,* C.A.4th (1978), 589 F.2d 753, 755 (dictum).

It is where nonconfidential and nonpolicymaking public employees under a patronage system are discharged because of their political beliefs and associations that the Constitution, First Amendment, is violated. *Elrod v. Burns* (1976), 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547. Such a situation is not presented by Mr. Reed; thus, he was not entitled under the Constitution, Fourteenth Amendment, to a due process hearing.

The jurisdiction of this Court is limited. In this instance, the plaintiff was required to have shown a deprivation by the defendants of rights secured to him by the federal Constitution. His not having done so, his complaint is not actionable. *Ohio Inns, Inc. v. Nye,* C.A.6th (1976), 542 F.2d 673, 679[6], certiorari denied (1977), 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794. Accord-

ingly, it would be an exercise in futility to proceed farther with the reception of additional evidence herein.

For the failure of the plaintiff Mr. Reed to assert a claim upon which relief can be granted in this Court, it is the decision of this Court that he hereby is DENIED all relief, Rule 58(1), Federal Rules of Civil Procedure.