Curtis A. Golden State Attorney Pensacola
QUESTION:
May a state attorney legally contract with an assistant state attorney for a definite period of employment exceeding 3 years?
SUMMARY:
A state attorney is not authorized to enter into an employment contract with his assistant state attorneys binding the state attorney to retain such assistants for a definite period of time. The state attorney's power to remove cannot be contracted away unless such authority is clearly conferred by law. The statute does not confer such a power upon a state attorney.
You indicate in your letter that a problem has arisen regarding the large number of assistant state attorneys who have left the office of the state attorney. You state that the investment of the state in the training of such assistant state attorneys is considerable and, if such assistants leave employment at the end of 2 years, the investment of the state is lost. You, therefore, inquire as to whether you may contract with such assistants for a period of employment not less than 3 years.
It is well established within this state that a public officer has only such powers as have been expressly or by necessary implication delegated to him by constitutional or statutory provisions. See Johns v. State, 197 So. 179 (Fla. 1940), stating that the duties of state attorneys are expressly required to be provided by law. See also 81A C.J.S. States ss. 120-121; Collier v. Baker, 20 So.2d 652, 653 (Fla. 1945); and State v. Mitchell,188 So.2d 684, 687 (4 D.C.A. Fla., 1966), cert. discharged,192 So.2d 281 (Fla. 1968). Moreover, if there is any doubt as to the lawful existence of a particular power, it should not be exercised. Cf. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 636 (1 D.C.A. Fla., 1974), cert.dismissed, 300 So.2d 900 (Fla. 1974), and Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944).
Section 17, Art. V, State Const., provides that `[s]tate attorneys shall appoint such assistant state attorneys as may be authorized by law.' Section 27.181, F. S., generally provides for the employment of assistant state attorneys and prescribes the powers and duties of such assistants. See s. 27.181(1), which states in pertinent part that `[t]he state attorney of the judicial circuit in which any such position [of assistant state attorney] is created shall appoint an assistant state attorney to hold such position and shall thereafter fill by appointment such vacancies in such position as may from time to time occur.' Such appointments must be in writing and recorded in the office of the clerk of the circuit court of the county in which the appointing state attorney resides and a certified copy thereof is required to be transmitted to the state comptroller. See also s. 27.25, F. S., which provides in pertinent part that `[t]he state attorney of each judicial circuit is hereby authorized to employ and establish in such number as he shall determine assistant state attorneys . . . .'
Subsection (2) of s. 27.181, F. S., provides that `[e]ach assistant state attorney appointed by a state attorney under the authorization of this act shall serve during the pleasure of the state attorney appointing him.' See Carrin v. State,275 So.2d 603, 604 (1 D.C.A. Fla., 1973), cert. denied, 279 So.2d 306 (Fla. 1973), stating that, under the foregoing statutory provision, an assistant state attorney `may be terminated or replaced without cause at the will or pleasure of the state attorney.' Subsection (2) further provides the manner in which such appointment may be revoked. It states, in pertinent part, that such revocation shall be made in writing and shall be recorded in the office of the circuit court of the county in which the appointment is recorded, and the state attorney executing such a revocation shall cause a certified copy thereof to be transmitted to the State Comptroller.See Carrin v. State, supra at 604, in which the court stated that the `clear implication of the statute is that until an appointment is revoked in writing and recorded pursuant to the statute, the person holding the appointment continues to hold such position [of assistant state attorney].'
As a general rule, the power of appointment, in the absence of any limiting constitutional or statutory provision, carries with it, as an incident, the power to remove when no definite term of office or employment is fixed by law. See Hall v. Strickland,170 So.2d 827 (Fla. 1964) (power of removal from office is incident to power of appointment); AGO 071-138; 67 C.J.S. Officers ss. 66 and 118(b); and 81A C.J.S. States ss. 98(a) and 92 (in the absence of constitutional or statutory provision for term or tenure in state employment, state employees are regarded as holding their positions at the pleasure of the appointing authority). Section27.181(2), F. S., expressly provides that the state attorney possesses the power to remove such assistant state attorneys. This power to remove, however, does not include the authority to contract away this power so as to bind the appointing body or officer to retain the minor officer or employee for a definite fixed period of time. See 67 C.J.S. Officers s. 118(b) and 81A C.J.S. States v. 92 (when statute granting authority to appoint a state employee does not fix his tenure, the state office wherein he is employed cannot do so), and s. 157(b) (`a state officer or board cannot bind the state by a contract employing an agent, assistant, or servant, unless the making of such contract was clearly within the authority conferred by law'). See also Barbor v. County Court of Mercer County, 101 S.E. 721 (W.Va. 1920); Potts v. Morehouse Parish School Board, 150 So. 290 (La. 1933) (implied power of appointing authority to remove minor officer or employee cannot be contracted away); MacDougall v. Board of Land Commissioners, 49 P.2d 663 (Wyo. 1935); Morris v. Parks,28 P.2d 215 (Ore. 1934); Kinsland v. Mackey, 8 S.E.2d 598 (N.C. 1940); Garnier v. Louisiana Milk Commission, 8 So.2d 611 (La. 1942); Gillespie v. Rhea Co., 235 S.W.2d 4 (Tenn. 1950); and Mahoney v. Philadelphia Housing Authority, 320 A.2d 459 (Pa. 1974), cert.denied, 419 U.S. 1122 (1975) (public authorities have no power unless conferred by statute to enter into contracts of employment which prevent such authorities from dismissing employees at will).Cf. 81A C.J.S. States s. 156(c), p. 610 (state officers have and can exercise only such powers as are conferred by law, and state is not bound by contracts made on its behalf by officers or agents without previous authority conferred by statute or the Constitution).
Applying the foregoing authorities to the instant inquiry, I am of the opinion that a state attorney is not authorized to enter into an employment contract with his assistant state attorneys, thereby binding the state attorney to retain such assistants for a definite period of time. While s. 27.181, F. S., provides that the assistant state attorneys serve at the pleasure of the state attorney, under the foregoing authorities, the state attorney's power to remove cannot be contracted away unless such authority is clearly conferred by law. It is my opinion that the statute does not confer such a power upon a state attorney. Your question is therefore answered in the negative.
Prepared by:
Joslyn Wilson Assistant Attorney General