**J. Chesney CARSON, Plaintiff-Appellant,**

v.

**James T. RUSSELL, Individually and as Pinellas County State Attorney, Defendant-Appellee.**

No. 79–1493
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1979.

Ronald G. Meyer, Tallahassee, Fla., for plaintiff-appellant.

Pamela L. Lutton, Asst. Atty. Gen., Dept. of Legal Affairs, Civ. Div., Tallahassee, Fla., Louis Kwall, Asst. State's Atty., Largo, Fla., for defendant-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

J. Chesney Carson, is an attorney who was formerly employed as an Assistant State Attorney in Florida's Sixth Judicial Circuit. He was hired for that job by James T. Russell, the Florida State Attorney in that Circuit. Carson began his employment in October, 1975. Approximately one year and two months later, his employment was terminated. He has not been given any reasons for his termination, nor has he been accorded an opportunity for a hearing.

Plaintiff-appellant filed this 42 U.S.C. § 1983 (1976) suit in the United States District Court for the Middle District of Florida, Tampa Division, alleging, *inter alia*, deprivation of property without due process of law.[1] Plaintiff based his due process claim on the letter which offered him employment. That letter provided that appellant would, barring unforseen circumstances, agree to serve as an Assistant State Attorney for a period of three years beyond a six-month probationary period. Appellant asserts that the letter constituted an objective expectation of continued employment.[2]

Both parties moved for summary judgment. Upon recommendation of the United States Magistrate, the district court granted appellee's motion. We affirm.

Appellant's employment status was a protected property interest only if he had an express or implied right to continued employment. *Bishop v. Wood*, 426 U.S. 341, 343, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *McElwee v. Todd*, 581 F.2d 1182 (5th Cir. 1978). In order for his claim of continued employment to be designated a fourteenth amendment property interest, appellant must have more than a unilateral expecta-

---

1. Appellant's complaint also asserted a deprivation of liberty without due process of law. The district court concluded that his dismissal did not deprive him of a protected liberty interest. Appellant does not attack this conclusion on appeal.

2. Indeed, both parties have stipulated that the only claimed objective expectancy of continued employment by appellant is based upon the letter. The pertinent portion of the letter provides:

> Upon acceptance of this offer, I assume that you will, barring unforeseen circumstances, agree to serve in the capacity of Assistant State Attorney for a period of three years, beyond the probationary period.

tion to that employment. "He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The sufficiency of a claim of entitlement must be decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *United Steelworkers of America v. University of Alabama*, 599 F.2d 56, 59 (5th Cir. 1979).

Florida Statute § 27.181(2) provides that "[e]ach assistant state attorney . . . shall serve during the pleasure of the state attorney appointing him." *See also Carrin v. State*, 275 So.2d 603, 604 (Fla.App.1973) (assistant state attorney may be replaced without cause at the will or pleasure of the state attorney). Thus, the state statute confers no claim of entitlement to employment on the part of appellant.

Appellant contends, however, that Fla. Stat. § 27.181(2) does not negate a property interest allegedly created by the letter offering employment. While the letter does suggest a three-year employment commitment, it is conditioned by the phrase "barring unforeseen circumstances." This caveat offers so little constraint and is so ambiguous that, without more, it constitutes no discernible limitation on either party. It does not suggest a vested right in appellant to the position of Assistant State Attorney.

Thus, although appellant may have had a unilateral expectation of three years of employment, he has not demonstrated a legitimate claim of entitlement to it. Accordingly, the granting of appellee's motion for summary judgment is affirmed.

AFFIRMED.