DAN M. LEE, Justice,
for the Court:
Major General Curtis Roberts petitioned the Chancery Court of Rankin County to enjoin Major General Nat Troutt from dismissing him as Chief of Staff of the Mississippi Air National Guard. Pursuant to an uncontested motion for change of venue made by the defendant, the matter was transferred to the Chancery Court of Hinds County, Mississippi. Defendant then filed a motion for summary judgment and a hearing was set. The chancellor reserved ruling on summary judgment and the case proceeded to trial on the merits. At the conclusion of testimony and argument, the motion for summary judgment was denied, and judgment was rendered in favor of the defendant. We affirm.
Appellant, Curtis B. Roberts, had served as a commissioned officer in the Mississippi Air National Guard since November, 1957. On May 8, 1981, Roberts was appointed Major General in the Mississippi Air National Guard. The former Adjutant General of the State of Mississippi assigned Roberts to the position of Chief of Staff, Mississippi Air National Guard. As a major general, there is no other position in the Mississippi Air National Guard that Roberts can occupy. Chief of Staff of our state’s National Guard is a federally recognized position, as the Mississippi Air National Guard is a branch of the Air National Guard of the United States of America.
In April, 1984, a new Adjutant General, Nat Troutt, requested that Roberts resign his position. Roberts rejected this request, and indicated that he had no intention of resigning his position. After initiating this lawsuit, Roberts sent Troutt a formal objection, requesting that Troutt reconsider his intention to remove him. Troutt was not persuaded, and on April 9, 1984, he requested authority from the Air National Guard of the United States to assign Roberts to “excess” status. Being placed in excess status effectively ended Roberts’ career with the Mississippi Air National Guard, since Roberts had reached the highest position in the organization, excepting the position of adjutant general which is a purely political appointment. He thus would assume the status of a retired officer. The requested authority was granted. On April 20, 1984, Troutt issued orders to assign Roberts to excess status, and to replace him with Col. Wayne 0. Burkes.
Roberts sought to enjoin Troutt from removing him: first, on the theory that the method of his removal did not comply with procedural due process requirements; and, second, that the appointment of Col. Wayne Burkes as his replacement violated the constitutional mandate of separation of powers. With regard to his due process claim, Roberts maintained that he had an expectancy of continued service, since he had only three years remaining before he attained his mandatory sixty (60) year retirement age and career goal of thirty (30) years of service. Roberts alleged that this expectancy created a constitutionally protected property right in his position. With regard to his claim of violation of the separation of powers doctrine, Roberts maintained that Burkes, a Mississippi State Senator, could not simultaneously hold the position of Chief of Staff of the Air National Guard, which is in the executive branch of government. Thus, Roberts sought to enjoin Troutt not only from removing him, but also from appointing Burkes. The chancellor below denied both injunctions, and Roberts appealed.
Roberts assigned three errors made by the chancellor concerning the violation of his due process rights under Air National Guard Regulations, Mississippi statute, and the United States and Mississippi Constitutions. These three assignments will be discussed together under the heading of “The Property Right Issue.” Roberts’ fourth assignment of error deals with the failure of the court below to issue the injunction preventing the adjutant general from appointing Burkes.
*423 Roberts’ first contention is that Troutt has improperly removed him from the Mississippi Air National Guard. He alleges that he did not fall into any of the categories which would authorize his removal under Mississippi law. However, Section 33-7-111 Miss.Code Ann. (1972) states in part:
(a) No officer of the National Guard shall be dismissed unless by reason of resignation, .approval of findings of an efficiency or medical examining board, withdrawal of federal recognition, the sentence of a court martial, or for cause as provided in subsection (d) of this section.
As there was no reason to dismiss Roberts for cause, nor by reason of resignation or court martial, this Court must look at the provision for withdrawal of federal recognition. Because Troutt had issued orders placing Roberts in excess status, and that authority was recognized by the United States Air National Guard, federal recognition was effectively withdrawn with the approval of the United States Air National Guard Commander. Troutt had authority to request the withdrawal of federal recognition by virtue of paragraph 5 ANGR (Air National Guard Regulation) 36-05, which states:
The Adjutant General is authorized to approve and take final action on each case initiated for any of the reasons outlined in this regulation, except as indicated in tables 2 and 3.
Federal recognition may be withdrawn pursuant to ANGR 36-05, paragraph 6b., which states:
The Chief, National Guard Bureau, upon receiving orders announcing the separation of an officer from the State for any of the reasons outlined in this regulation, or upon receiving specific instructions from AFMPC/MPCAKOl directing the discharge of an ANGUS officer, will publish orders withdrawing Federal recognition.
Thus, Troutt’s actions fully complied with the mandate of § 33-7-111.
Roberts next alleges that he has a property right in his position with the Mississippi Air National Guard, and his property right mandates that due process procedures be followed in removing him. In order for Roberts to show a property right, he must demonstrate a legitimate claim of entitlement to his position. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). There must be a mutually explicit, i.e., bilateral, understanding in this right. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). See also, Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Carson v. Russell, 602 F.2d 714 (5th Cir.1979). These principles were demonstrated in Suro v. Llenza, 531 F.Supp. 1094 (D.C.Puerto Rico 1982) and Bollen v. National Guard Bureau, 449 F.Supp. 343 (D.C.Pa.1978). In Suro, supra, a bilateral expectancy of retention .was created explicitly by the National Guard Bureau notifying Suro that he would be retained until age 60. In Bollen, supra, a bilateral expectancy of retention was created by a letter written by the Adjutant General expressing his desire that all technicians employed prior to 1955 be retained until age 60. These cases are distinguishable from the one at bar because there was no proof of expectation created that was bilaterally or mutually recognized, thus no property right.
From the cases of Suro v. Lienza, 531 F.Supp. 1094 (D.C.Puerto Rico 1982), and Bollen v. National Guard Bureau, 449 F.Supp. 343 (D.C.Pa.1978), we gather that a property interest may be asserted by an officer in his employment with the Guard, but only where the individual and the Guard have a bilateral expectation in his employment. In the case at bar, Roberts’ position that he had the right to serve as Major General until he reached his career goal of thirty years of service was no more than a unilateral expectation of retention. It follows then, that if Roberts had no property right to his position, he likewise had no right to due process in his removal or retention.
*424 Roberts next asserts that the regulations promulgated by the department of the Air Force concerning selective retention of Air National Guard officers are unconstitutional as they apply to the category of “general officers,” of which Roberts is a member in his position as Chief of Staff. We do not find this argument compelling. The general policy behind Air National Guard Regulations 36-05 and 35-06 dictates that any member of the Air National Guard may be separated, discharged, or retained at the will of the service. “Membership in the ANGUS is not the inherent right of an individual, it is a privilege and confers upon an individual an obligation to serve ... as the national security may require.” ANG Regulation 36-05, page. 3. Officers other than the adjutant general, assistant adjutant general and general officers are accorded a hearing before a selective retention review board prior to termination after the officer has reached twenty (20) years or more of service. However, the regulation expressly provides that the adjutant general alone shall have the sole discretion to determine whether or not general officers should be retained or discharged. This regulation does not violate Roberts’ due process rights because he has no property right in his position. Without a property right, there is no due process right.
While it seems unfair that Roberts had been ousted while lacking only three years to complete his thirty year retirement, having reviewed the statutes, regulations and case law, we must come to the conclusion that the Adjutant General had the power to properly remove Roberts from his position as Chief of Staff of the Mississippi Air National Guard.
THE SEPARATION OF POWERS ISSUE
Roberts’ next argument concerns the right of the Adjutant General to appoint Senator Wayne 0. Burkes as his replacement. Roberts contends that Troutt is prohibited by the Mississippi Constitution [as recently interpreted in the case of Alexander v. State, by and through Attain, 441 So.2d 1329 (Miss.1983)] from appointing a member of the legislative branch of government to a position in the executive department.
However, it is not necessary for us to reach this constitutional issue here for the reason that the constitutional prohibition against holding offices in two separate departments of government does not concern itself with the qualifications or disqualifications of the person who is to be appointed, i.e., Col. Wayne 0. Burkes, in this case. The Mississippi Constitution, art. 1, § 2, is as follows:
No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the departments. [Emphasis added].
It is noted that this section does not concern itself with the person doing the appointing, but seeks to prohibit one from accepting a position in another department of government. Furthermore, its sole remedy is that, if the appointee accepts such appointment, then he will be deemed to have vacated his office in the other department of government. Therefore, no injunction could be granted against Troutt, the appointing Adjutant General, from carrying out his prerogative to appoint Burkes. In this case the relief sought was against the wrong person. In short, the remedy sought by General Roberts would, of necessity, have to be to enjoin Col. Burkes from accepting the appointment, and not to prohibit General Troutt from making it. Such was not the relief sought by General Roberts in this case. Therefore, the chancellor was correct in denying it.
We find this case appropriate for judicial review,[1] but find that the appellant has no *425 property interest in his position as Chief of Staff of the Mississippi Air National Guard and the chancellor did not err by refusing to grant an injunction against Troutt prohibiting him from appointing Burkes; we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.

. See Mindes v. Seaman, 453 F.2d 197 (5th Cir.1971), and Bollen v. National Guard Bureau, 449 *425 F.Supp. 343 (D.C.Pa.1978).