STATE *ex rel.* LAWSON *v.* FARMER, COUNTY
JUDGE *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

O. W. McKenzie, of Dayton, for complainant.

Wade H. Farmer, of Pikeville, Carlyle S. Littleton, of Chattanooga, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

The Chancellor ordered the County Judge of Bledsoe County, by writ of *mandamus,* to issue warrants for the salary of relator, James Lawson, as Veterans Service Officer, under Chapter 38 of the Public Acts of 1945, Williams' Code, Sections 1012.18-1012.20. This statute authorizes the county courts of the several counties in this State and the governing bodies of each municipal corporation in this State, jointly or severally, to employ County Service Officers for the purpose of advising and assisting all United States Veterans and their dependents, of and in their rights, privileges, immunities and benefits to which they are entitled under the law.

At the July term, 1948, of the County Court of Bledsoe County, by resolution of the County Court, Jerry Agee was employed as Veterans Service Officer of the County for a period of one year beginning July 1, 1948, and ending July 1, 1949, at a salary of $250 per month, including expenses.

It appears from the record that the veterans of Bledsoe County, or some of them, became very much dissatisfied with the services of Jerry Agee, and a resolution was presented at the October term, 1948, reciting such dissatisfaction, and by this resolution Agee was discharged and James Lawson was employed as Service Officer at a salary of $200 per month, plus $50 per month for expenses. It further appears that Lawson proceeded to immediately discharge the duties imposed on him as said Service Officer.

In November, 1948, Agee instituted a suit against Bledsoe County for his salary for the remainder of the twelve-month period. The result of this suit was that a decree was entered in March, 1949, for $1,775 in his favor. It

appears that this suit was not contested and was not appealed from.

In November, 1948, relator Lawson filed this *mandamus* suit against the County Judge and the County Court Clerk of Bledsoe County, demanding that they issue to him County warrants for his monthly salary.

The answer to this bill for the writ of *mandamus* is not sworn to, and the answer is practically declaratory of the bill. A decree was entered in the Chancery Court ordering the County Judge and the County Court Clerk to issue these County salary warrants as prayed for in the bill.

The principal insistence is that the County Service Officer is a public officer, and the County Court having elected Agee for a term of one year, was without power in October, 1948 to discharge him.

■ ■ We do not think a Service Officer is a public officer, but rather an employee by contract. To create a public office the office must have some permanency and continuity and not be only temporary or occasional. *Nichols* v. *Marks,* 308 Ky. 863, 215 S. W. 2d 1000.

■ It appears from the record that Agee had surrendered the office and elected to sue for breach of employment and recovered $1,775 as damages for breach of contract of employment, as he vacated the office by suing for breach of contract and accepting judgment for said breach.

■ Under the doctrine of judicial estoppel, where one states on oath in former litigation, either in a pleading or in a deposition or on oral testimony, a given fact as true, he will not be permitted to deny that fact in subsequent litigation, though the parties may not be the same. *Melton* v. *Anderson,* Tenn. App., 222 S. W 2d 666.

■ The question as to whether Agee was a Service Officer after October, 1948, was not raised in the trial court, and this question cannot be raised for the first time on this appeal. Rule 14 (4) of this Court, 185 Tenn. 868; *Phillips* v. *Tidwell et al.*, 26 Tenn. App. 543, 174 S. W. 2d 472. This cause was not tried on the theory that this was a public office, but whether the County Court, having elected Agee for a term of one year, was without power to discharge him in October, 1948.

The lower court cannot be placed in error when not given a chance to pass on the error complained of, and being raised for the first time in this Court, the error cannot be considered because the pleadings in this cause did not raise such an issue. Rule 14 (4) of this Court, *supra*. However, as before stated, we are of opinion that Agee was an employee of the County rather than a public officer, and the County Court had a right, therefore, to discharge him as an employee.

■ We have considered the petition filed to fix a fee for the solicitor of relator. We do not think this is a proper cause for the allowance of a solicitor's fee for relator to be charged to the County.

All assignments of error are overruled and the decree of the Chancellor is affirmed.

All concur.