**Bobby GILLEY, Jack Thomas and Roy Wayne Alford, Plaintiffs-Appellants,**

v.

**Maurice Boyd JERNIGAN and wife, Barbara Irene Jernigan and Wiley Jernigan and wife, Fay B. Jernigan, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section.

Aug. 31, 1979.

Certiorari Denied by Supreme Court Nov. 5, 1979.

Claus Thormaehlen, Rogers & Parsons, Manchester, for plaintiffs-appellants.

Fred B. Hunt, Jr., Shelbyville, for defendants-appellees.

## OPINION

SHRIVER, Presiding Judge.

This is an appeal from the granting of defendants' motion for summary judgment in a case wherein plaintiffs-appellants sought ejectment of the defendants from certain lands in Coffee County, Tennessee, or, in the alternative, the establishment of a boundary line between the properties claimed by the respective parties. The decree, or order, from which the appeal herein was perfected is as follows:

### "ORDER

This cause came on to be heard on the 10th day of November, 1978, before the

Honorable Earl H. Henley, Chancellor, presiding on defendants' motion for summary judgment.

The matter was heard on argument of counsel, pleadings, and depositions and it is established that there is no genuine issue as to any material facts forming the basis for the defendants' claim of champerty, res judicata, collateral estoppel and estoppel, and that the defendants are entitled to judgment as a matter of law; therefore,

IT IS ORDERED that judgment be entered in favor of the defendants with costs to be taxed against the plaintiffs.

IT IS FURTHER ORDERED that the plaintiffs' motion to add as a party plaintiff the First National Bank of Shelbyville and Edward Huffman, Trustee, is overruled.

IT IS FURTHER ORDERED that the plaintiffs may appeal to the next term of the Court of Appeals at Nashville. Plaintiffs will have thirty (30) days from the date of this order within which to file their appeal bond, and ninety (90) days from the date of this order within which to file their bill of exceptions, the original of which may be transmitted to the Court of Appeals in lieu of a copy thereof. Said Order is made pursuant to the plaintiffs' timely prayer.

ENTER this 4th day of December, 1978.

/s/ EARL H. HENLEY
Chancellor"

—The Facts—

Counsel for appellees have set forth the facts, including the history of this litigation, which we find to be accurate and supported by the record and which, in summary, may be stated as follows:

The plaintiffs-appellants seek to litigate the question of ownership of certain real estate in Coffee County, Tennessee, by virtue of a trustee's deed and it is uncontroverted that the appellees own thirty-seven acres described in said deed but plaintiffs seek to establish that, in fact, this deed conveys some seven hundred additional acres lying adjacent to the above mentioned thirty-seven acres and which is claimed by the appellees.

The record shows that the title and right to ownership to the property in question has been litigated in two prior cases by the predecessors in title of appellees, said predecessors in title being James Floyd and wife, Vivian Floyd, and M. H. Alford and wife, Earline Alford.

The record shows that M. H. Alford is the father of Vivian Floyd, hence, the father-in-law of James Floyd, and it appears that M. H. Alford and wife, Earline, by deed of record in Coffee County transferred to the Floyds the title to the property in question which was later conveyed by trustee's deed to the appellants herein.

The record shows that in Case No. 1800 in the Chancery Court of Coffee County, the appellees herein were the plaintiffs and James A. Floyd and wife, Vivian Floyd, were the defendants, and in that case the boundary line between the property conveyed in Deed Book 112, page 514 (subsequently included in the Trustee's deed hereinabove mentioned) and the property now held by the appellees was established by the decree and judgment entered therein.

In Case No. 1903 in the Chancery Court of Coffee County, heard by Chancellor Earl H. Henley, the appellees herein were plaintiffs and M. H. Alford and wife, Earline, Roy Wayne Alford, David McCullough and Linda Fay Floyd were defendants. It appears that this case was thoroughly litigated concerning the ownership of the property in question in the suit at bar and the Chancellor found all of the issues in favor of the appellees herein, dismissing the counter-claim of the defendants.

In the Court's Memorandum Opinion made a part of the record, it was stated, inter alia, as follows:

"This Court is of the opinion that the land in controversy was not encompassed in the deed to Mr. Alford. *Secondly, the proof was overwhelming to the effect that he had denied owning land outside*

*the area which James Floyd and wife received in the compromise of Case No. 1800, in the Chancery Court of Coffee County."*

The foregoing Memorandum Opinion was dated May 5, 1977 and was implemented by decree incorporating said opinion as a part of the record.

In said decree, M. H. Alford also was perpetually enjoined from purporting to sell and/or selling any other properties claimed by the appellees herein in the original complaint.

The record shows that the First National Bank of Shelbyville held a security interest in the Floyd property represented by a deed of trust, and the Trustee, Edward C. Huffman, was not made a party in the above mentioned suit. However, when the Floyds defaulted on the underlying note to the First National Bank, the Trustee advertised the property for sale and it was sold, at which time the Trustee announced to those present that he was making no representations as to the title or quantity of land sold and that it was currently subject to litigation pending in Coffee County. The property was struck off for $20,000.00 on a bid offered by M. H. Alford and, subsequently, at his direction, the deed was made to plaintiffs-appellants herein.

Thus it would seem that Alford's assignment of his bid and right to said property to the plaintiffs-appellants would, in a suit of equity, put said appellants in the same position and, certainly, in no higher position with respect to the property so assigned and acquired than that occupied by Alford.

Plaintiffs acknowledge that they considered themselves as having "bought a lawsuit" when they purchased the Trustee's deed.

Thus, on April 6, 1978, the appellants herein filed a complaint in the Circuit Court of Coffee County against defendants-appellees on the basis of ejectment and a boundary line dispute.

Among other allegations in the complaint filed in the Circuit Court, it is stated:

"8. That the plaintiffs have no adequate remedy at law, for the reasons cited above in this complaint."

And, among the prayers of the complaint is the following:

"2. That any deeds of record in the Register of Deeds Office of Coffee County, Tennessee in the name of the defendants which constitute a cloud over any and all title which is established by the plaintiffs be declared void and that the Register of Deeds Office of Coffee County, Tennessee be instructed to cause them to be removed from the records."

There is a prayer for an injunction, restraining defendants from coming on the land in dispute, or removing anything therefrom, from selling or conveying any of said lands; that the Court determine the external boundaries of the entire tract; judgment for possession, and for general relief.

At a hearing in the Circuit Court of Coffee County on April 18, 1978, appellees herein objected to the jurisdiction of the Court and requested that the case be transferred to the Chancery Court pursuant to T.C.A. Section 16–511, which motion was granted subject to the posting of the $25,000.00 bond, which, incidentally, appears not to be have been posted.

The motion for summary judgment filed by appellees was grounded on the proposition that the cause of action was barred by former judgments entered which constituted res judicata of the issues herein, and that plaintiffs-appellants were barred by collateral estoppel and champerty, which was followed by the decree hereinabove set out in which the Chancellor sustained the motion for summary judgment.

—Assignments of Error—

There are three assignments, as follows:

"1. The Chancellor erred in granting the appellees' motion for summary judgment on the ground that the appellants were estopped to proceed under their chain of title to eject the appellees, or in the alternative, clarify the boundary line.

2. The Chancellor erred in failing to grant the appellants' motion to add as a party the First National Bank of Shelbyville and Edward C. Huffman, Trustee, pursuant to Rule 19.01 of the Tennessee Rules of Civil Procedure.

3. The Circuit Court erred in transferring this matter from its jurisdiction to that of Chancery Court."

—Our Conclusions—

*The first assignment* challenges the judgment of the Chancellor on the ground that appellants were estopped to proceed under their chain of title to eject appellees or, in the alternative, to clarify the boundary line. The appellants take the position that res judicata is not applicable because the identity of the issues and the parties are not the same as in the previous litigation involving this land, especially where the second litigation is in relation to a title acquired since the first judgment, citing the old case of *McKissick v. McKissick*, 25 Tenn. 75 (1845), and other cases, including *Usrey v. Lewis*, 553 S.W.2d 612 (Tenn.App.1977).

In the *Usrey* case, this Court held:

"If, from affidavits or other evidence, facts supporting defense of res judicata are made to appear uncontroverted, then a motion for summary judgment would be in order." [Citing Rules of Civil Procedure 8.03]

In said case it was also stated that no known legal principle prohibits a plaintiff from seeking his remedy because another plaintiff has been unsuccessful upon the same or similar evidence.

On the other hand, as is urged by counsel for appellees, a judgment determining the title to land, claimed by two persons runs with the land, and binds all persons claiming through either party to the suit by title acquired after the rendition of the judgment, citing 50 C.J.S. Judgments § 810, pp. 355–356.

In the same article it is also stated to be the rule that, in the absence of a statutory provision to the contrary, a judgment in an action with respect to real property, or titles or rights thereto for or against a ven-

dor or grantee of said property, is binding on his vendee or grantee and is res judicata as between the adverse party or his privies and such vendee or grantee where the latter acquired his interest after the institution of suit or after judgment was rendered. 50 C.J.S. pp. 357–358.

In *Gulf Oil Corp. v. Forcum*, 53 Tenn. App. 179, 381 S.W.2d 521 (1964), it was held:

"The defense of res judicata is available, not only against parties to former suits, but also to their privies, where a subsequent suit involves the same issue."

As is stated in 46 Am.Jur.2d, Judgments, Sec. 406, p. 575, in general it may be said that under the doctrine of res judicata a judgment bars relitigation of the same controversy. Two actions have also been regarded as being based on the same cause of action where the issues in the first action were broad enough to comprehend all that was involved in the issues of the second action, or where the two actions have such a measurable identity that a different judgment in the second would destroy or impair rights or interest established by the judgment in the first.

In the same text it is stated that a test commonly applicable is that if the same facts or evidence would sustain both actions, then they are considered to be the same within the rule that the judgment in the former is a bar to subsequent action.

It is argued by counsel for appellees that the doctrine of res judicata is especially applicable where protracted and multiple litigation of similar issues appear to be in the offing, and that it is a fundamental principle of jurisprudence that material facts or questions which were directly an issue in a former action and were then admitted and judicially determined are conclusively settled by a judgment therein.

The learned Chancellor, having heard and decided the previous litigation involving the land in dispute here, found that the dispute not only involved the same land but the same parties and privies inasmuch as the parties were the same except for one or two

who acquired the deed under which they brought suit with full knowledge of the former litigation and by substitution for Mr. Alford who bid at the foreclosure sale and who orally assigned his bid to them to avoid the force and effect of the prior judgments against him. Plaintiffs acknowledged that they were simply "buying a lawsuit" which might be said to support the charge of champerty.

We then come to the question of estoppel which would seem to apply since the Chancellor found in the former suit, No. 1903, that the land in question was not encompassed in the deed of Mr. Alford and that "the proof was overwhelming to the effect that he (Alford) had denied owning land outside the area which James Floyd and wife received in the case, No. 1800, in the Chancery Court of Coffee County."

As to the question of judicial estoppel which was invoked by the Chancellor, it is well settled that, either in a pleading or in a deposition or on oral testimony, a given fact is stated to be true, a party will not be permitted to deny that fact in subsequent litigation, even though the parties may not be the same. *State ex rel. Lawson v. Farmer*, 189 Tenn. 276, 225 S.W.2d 60.

In *Bubis v. Blackman*, 58 Tenn.App. 619, 435 S.W.2d 492, in an opinion by the writer of the opinion in the case at bar, we stated:

"A party cannot be allowed to solemnly take a position in the course of litigation which he thinks is to his advantage, and, then, change this position to another and contrary one when he deems it to his advantage to do so."

As was found by the Chancellor, Mr. Alford took the position in the former litigation involving this same land that he did not own land outside the area which the appellees herein are now claiming, hence, he is estopped from changing that position and his assignees or successors in title are bound thereby.

As was held in *Sartain v. Dixie Coal & Iron Co.*, 150 Tenn. 633, 266 S.W. 313 (1924), it is not necessary to plead judicial estoppel as it is based on public policy and may be raised by the Court itself like the doctrine of unclean hands. Its application operates as an absolute bar to proceeding and being based on public policy, no prejudice need be shown for it to be invoked.

It was further said in *Sartain*, supra, that a person cannot, upon grounds of public policy, be permitted to set up title to property after a solemn disclaimer of title under oath.

It results that Assignment No. 1 is overruled.

*Assignment No. 2* charges error in failing to add the First National Bank of Shelbyville, and Edward C. Huffman, Trustee, as parties on motion of the plaintiffs.

As was held in *Brewer v. Lawson*, 569 S.W.2d 856 (Tenn.App.1978), a proper party is not the same as a necessary or indispensable party and only one who is directly affected by the decree and whose interest is not represented by any other party to the litigation is an indispensable and necessary party.

In said case, it was stated:

"Failure to include Trustee named in the trust deed securing a note executed by the property owners and placed upon their tract of land subsequent to their purchase of the land was not fatal to an action by the owners of adjacent property to quiet title to property erroneously described as belonging to the owners under a Chancery Court deed."

Assignment No. 2 is overruled.

*Assignment No. 3* charges error in transferring the case from the Circuit Court to the Chancery Court.

In view of the allegation in the petition that "plaintiffs have no adequate remedy at law, for reasons cited in the complaint," and in view of the prayer of the bill that a decree removing a cloud on the title be entered, we think it was proper to transfer the case to the Chancery Court.

In any event, if it could be said that the Circuit Judge was in error in transferring the case, in view of the proceedings that followed, it was, at most, harmless error.

Assignment No. 3 is overruled.

It results that the judgment of the Trial Court is in all things affirmed.

AFFIRMED.

TODD and DROWOTA, JJ., concur.