IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 25, 2002 Session

## KASIEA DELAWN CHANCE, ET AL. v. CARL DENNIS GIBSON, JR.

Appeal from the Juvenile Court for Sevier County
No. 01-M6-469     Jeff D. Rader, Judge

### FILED AUGUST 15, 2002

### No. E2001-02836-COA-R3-JV

This is a suit by Kasiea Delawn Chance, adult daughter of Kayla D. Leonard, and Ms. Leonard, who joins in the prosecution of this suit against Carl Dennis Gibson, Jr., seeking to establish his paternity as to Ms. Chance and recover support from the date of Ms. Chance's birth, medical expenses incident thereto, and attorney fees. We affirm in part; vacate in part and remand.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed in Part and Vacated in Part; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Scott D. Hall, Sevierville, Tennessee, for the Appellants, Kasiea Delawn Chance and Kayla D. Leonard

Keith E. Haas, Sevierville, Tennessee, for the Appellee, Carl Dennis Gibson, Jr.

### OPINION

At the outset, we note that the case of Shell v. Law, 935 S.W.2d 402 (Tenn. Ct. App. 1996), makes it clear that there is no longer an almost irrebuttable presumption that a child born to a married couple is presumed to be a product of their union, but may be found--if the proof warrants-- to be the child of a third party.

Mr. Gibson attempts to distinguish the case of Shell v. Law, on the ground that the paternal rights of Ms. Shell's husband at the time of conception and birth, had been terminated. We do not

find that this fact is critical to the holding in <u>Shell</u>. Additionally, we note an affidavit from Mr. Chance wherein he states that he does not believe that he is the father of Ms. Chance.

The Trial Court sustained Mr. Gibson's motion to dismiss, which in effect was converted into a motion for summary judgment upon admission of certain exhibits at the hearing below.

The grounds relied upon by the Trial Court for dismissing the Plaintiffs' suit were judicial estoppel as a result of the pleading of Ms. Leonard in a divorce action and the later-filed petition seeking support, as well as collateral estoppel stemming from the divorce decree. Mr. Gibson in his brief insists the Trial Court should also be affirmed under the doctrines of res judicata and laches.

Our standard of review as to summary judgments is succinctly stated in <u>Staples v. CBL & Associates, Inc.</u>, 15 S.W.3d  83, 89 Tenn. 2000):

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

The record discloses that Ms. Leonard and her then-husband, James Darrell Chance, were divorced in June 1985 and, apparently,[1] Ms. Leonard was given full custody of Ms. Chance, although no provision was made for child support. Thereafter, pursuant to a petition filed by Ms. Leonard, an order was entered in March 1989 which required Mr. Chance to make child support payments for Ms. Chance, which he honored until she reached her majority.

The Plaintiffs appeal insisting that the Trial Court improperly received certain exhibits, including the divorce petition filed by Mr. Chance and the petition seeking support filed by Ms. Leonard, which had not been certified by the Clerk of the Court wherein the case was heard or otherwise authenticated.

The statement of the evidence indicates that no proof was introduced at the hearing before the Trial Court, but that the aforesaid exhibits were presented and considered by the Court over the objection of the Plaintiffs' counsel.

---

[1] We say "apparently" because the divorce decree is not a part of the record.

It is true that the court documents were not authenticated. However, under the facts of this case in the interest of judicial economy, and the further fact that we are morally certain that these exhibits are accurate, we will nevertheless consider them as did the Trial Court.

Having done so we conclude that the Trial Court was not in error in dismissing the suit of the mother, Ms. Leonard. We reach this conclusion because we are satisfied that she is judicially estopped, in light of her pleadings in the petition seeking support, to contend that Mr. Gibson is the father of the child. The case of Shell v. Law, 935 S.W.2d 402 (Tenn. Ct. App. 1996), states the doctrine as follows (at page 408):

> The question regarding estoppel requires a more careful examination. The doctrine of judicial estoppel is generally stated as follows:
>
>> The doctrine of judicial estoppel provides a litigant who has deliberately taken a position in one judicial proceeding will not, as a matter of law, be allowed to advantage his or herself by taking an inconsistent position in another suit. In Melton v. Anderson, 32 Tenn. App. 335, 222 S.W.2d 666 (Tenn. App. 1948) this court said, at 669:
>>
>>> A general statement of the doctrine of judicial estoppel is that where one states on oath in former litigation, either in a pleading or in a deposition or on oral testimony, a given fact as true, he will not be permitted to deny that fact in subsequent litigation, although the parties may not be the same. (Citations omitted.)
>
> Extine v. TRW Koyo Steering Systems Co, 1994 WL 589557 Unpublished opinion Tenn. App. 1994.

In reaching our conclusion, we are aware that in Shell we found under similar circumstances the doctrine did not apply. The reason we reached that conclusion is because, contrary to the facts of this case, it was shown that at the time of the pleadings filed by the wife in that case she believed her husband was indeed the father of the child and did not attempt to "advantage" herself.

The present case, as already noted, is different in that the affidavit of Ms. Leonard shows that she believed at the time she filed the pleadings in question that her husband was not the father of the child but, rather, Mr. Gibson was.

The assertions of collateral estoppel and res judicata may be disposed of summarily. Both of these doctrines require a suit between the same parties or their privities which is not present in the case at bar. State ex rel. Cihlar v. Crawford, 39 S.W.3d 172 (Tenn. Ct. App. 2000).

Although the Trial Court found that Ms. Chance was in privity with Ms. Leonard insofar as its findings regarding collateral estoppel, we will assume for the purpose of this opinion it meant to likewise find privity as to the doctrine of judicial estoppel. Our research has disclosed that privity is frequently applied in cases involving res judicata and collateral estoppel, but we have found none to suggest it would apply in a case of judicial estoppel where one party has pleaded a fact diametrically opposed to that later attempted to be asserted. We do not believe it appropriate to extend that doctrine to a case of this nature wherein Ms. Chance was not the party pleading the facts attempted to be refuted and was a minor at the time the pleadings were filed.

As to the assertion by Mr. Gibson that Ms. Chance was barred by laches, we do not believe minors, who are not able to bring lawsuits in their own names, could be bound by this doctrine.

In our resolution of this appeal, we have not overlooked the Trial Court's concern that the child would have two legal fathers should the case proceed and DNA prove that Mr. Gibson is in fact the father. While we concede this as a rather anomalous situation, we note where an adoption occurs, the adopting father is father by virtue of the adoption, while the biological father is in fact also the father.

Finally as to Mr. Gibson's argument suggesting that when a minor child recovers a judgment for injuries received in a tort action, the suit may not be re-opened after the child becomes an adult. The fallacy of applying this analogy is that in the tort action above referenced, the child was a party to the action, and in the case at bar Ms. Chance was not a party to the divorce proceedings nor the petition seeking support.

In summary, we hold that Ms. Leonard's suit must be dismissed under the doctrine of judicial estoppel, but the suit of the daughter, Ms. Chance, may proceed.

For the foregoing reasons the judgment of the Trial Court is affirmed in part and vacated in part and the cause remanded for administration of blood tests to determine whether Mr. Gibson is the father of Kasiea Delawn Chance. If he is found to be the father, the Trial Court shall then make a determination as to what monies, if any, should be paid by Mr. Gibson as child support, medical expenses incident to birth, attorney fees, and an appropriate disposition of any amount found to be owing, which should include a consideration of the payments made by Mr. Chance for Ms. Chance's support and whether Mr. Chance should be reimbursed for payments he has made. Costs of appeal are adjudged one-half against Kayla D. Leonard and her surety and one-half against Carl Dennis Gibson, Jr.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE