**James H. SIBLEY, et al.**

**v.**

**W. Keith McCORD, et al.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 5, 2004 Session.

Sept. 28, 2004.

Permission to Appeal Denied by Supreme Court Feb. 28, 2005.

---

& M Body Shop, Inc., and Truck Sales & Service, Inc.

Darryl G. Lowe, Knoxville, Tennessee, for the appellees, W. Keith McCord, Weaver & Troutman, P.C., and McCord & Troutman, P.C.

**OPINION**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Plaintiffs, former clients of Keith McCord, Weaver & Troutman, P.C., seek an accounting, recovery of misappropriated funds, if any, and compensatory damages. Plaintiffs hired McCord and his firm to represent them in defense of federal and state tax claims and deposited upwards of $500,000 with the firm to facilitate payment of the disputed claims. The chancellor dismissed the action on summary judgment holding that the plaintiffs' conversion claim was barred by the three-year statute of limitations and that the claim for an accounting was barred by the doctrine of judicial estoppel. We affirm.

This is an action against an attorney and his law firm brought by former clients whom the attorney represented in defense of federal and state tax claims. James H. Sibley, S & M Body Shop, Inc., and Truck Sales and Service, Inc., (Plaintiffs) [1] filed suit against Keith McCord, Weaver & Troutman, P.C., and McCord & Troutman., P.C. The corporate defendants are one Tennessee corporation, a law firm, which has undergone name changes.[2]

Plaintiffs assert that beginning in 1991 and continuing through May of 1993, they

Gene A. Stanley, Jr., Knoxville, Tennessee, for the appellants James H. Sibley, S

1. The corporate plaintiffs dissolved in 1989 and 1991, respectively. Sibley, a stockholder in both companies, claims to be acting as the agent concluding the corporations' business affairs.

2. Currently, the corporate defendant is identified as "The McCord Law Firm, P.C." Keith McCord is the corporation's registered agent and stockholder.

deposited a total of $501,706 into McCord's trust account to facilitate the settlement and payment of the tax claims. Sibley contends that he made numerous attempts to obtain information from McCord regarding the trust funds, including personal visits, telephone calls, and an April 21, 1999 written demand. He further contends that McCord failed to provide documentation, evaded Sibley's inquiries and failed to account for the funds.

This action was commenced in 2001. In the complaint, Plaintiffs allege that McCord may have converted or misappropriated the remaining funds, if any, and they seek a judicial accounting for the period from April 1991 through December 1995. Plaintiffs further allege that the remaining trust funds may be in excess of $120,000.

McCord denies any wrongdoing or liability. He also insists that he previously accounted for the monies in July 1997 and that there is no need for a further accounting. He further asserts that Sibley's claim of conversion is barred by the statute of limitations and that the remaining claims are barred by the doctrines of waiver and estoppel due to a judicial admissions by Sibley in a civil action between Sibley and a former business associate, Stephen Mays (*Mays v. Sibley*[3]) concerning the funds at issue here.

McCord filed two motions for summary judgment based in part on Sibley's assertions in *Mays v. Sibley.* The chancellor granted McCord's motions for summary judgment. In one, the chancellor held that Sibley was judicially estopped from asserting that an accounting had not been provided by McCord. In the other, the chan-

cellor held that the claim of conversion was barred by the three-year statute of limitations, Tenn.Code Ann. § 28–3–105, finding the statute began to run in 1997, when Sibley received the three-page ledger (accounting of trust activity) from McCord.

Plaintiffs appeal asserting that the chancellor erred by holding that Sibley was judicially estopped from denying he was provided with an accounting and by holding that the action for conversion was barred by the three-year statute of limitations. Though not stated as a separate issue, Plaintiffs also contend that the chancellor's errors resulted from "putting the cart before the horse." Stated another way, they contend that the chancellor should have ruled on the accounting issue before ruling on the conversion issue and doing so would have produced a different result.

We review a trial court's summary judgment award *de novo,* with no presumption of correctness. *Guy v. Mut. of Omaha Ins. Co.,* 79 S.W.3d 528, 534 (Tenn.2002). Summary judgments are not appropriate when genuine issues of material fact exist. Tenn. R. Civ. P. 56.03; *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn.Ct.App.1993). The moving party has the burden of proof and must either conclusively establish an affirmative defense or negate an essential element of the non-moving party's claim. *McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn.1998) (citing *Byrd,* 847 S.W.2d at 215). If and when this is accomplished, the burden shifts to the non-moving party. *McCarley,* 960 S.W.2d at 588. The court "must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable

---

**3.** *Steven C. Mays, individually and as a shareholder and/or partner of TS & S, Inc., S & M Leasing and S & M Body Shop, Plaintiff v. James H. Sibley, individually and as a shareholder and/or partner and as officer and di-* *rector of TS & S, Inc., S & M Leasing, Inc., and S & M Body Shop.* The action was filed in the Chancery Court for Knox County, Tennessee (No. 134630–1).

inferences in favor of that party, and discard all countervailing evidence." *Byrd,* 847 S.W.2d at 210–211. If there is any doubt as to whether or not a genuine issue exists, summary judgment shall be denied. *Byrd,* 847 S.W.2d at 211; *McCarley,* 960 S.W.2d at 588 .

 The doctrine of judicial estoppel prevents a litigant who has taken a position in one judicial proceeding from taking a contradictory position in another. *Chance v. Gibson,* 99 S.W.3d 108, 110 (Tenn.Ct.App.2002) (citing *Shell v. Law,* 935 S.W.2d 402 (Tenn.Ct.App.1996)). Where one states under oath in former litigation, either in a pleading, a deposition or on oral testimony, a given fact as true, one will not be permitted to deny that fact in subsequent litigation, although the parties may not be the same. *Melton v. Anderson,* 32 Tenn.App. 335, 222 S.W.2d 666, 669 (1948).[4] A pleading from a different case, if relevant, is a judicial admission and under the doctrine of judicial estoppel is conclusive evidence. *Marcus v. Marcus,* 993 S.W.2d 596, 602 (Tenn.1999).

*Mays v. Sibley* was a dispute between Sibley and his former business associate, Stephen Mays. Mays sued Sibley asserting that Sibley had received funds on behalf of Truck Sales & Service, Inc., S & M Leasing and S & M Body Shop but failed to account to Mays and to disburse Mays' share. Mays demanded an accounting from Sibley.[5] In defense of the allegations in *Mays v. Sibley* that Sibley had mishandled the trust funds, Sibley repeatedly asserted that he had received a full accounting of trust activities from McCord. Moreover, Sibley relied on the same three-page ledger prepared by McCord that is at issue here and represented it to be a full accounting of the disputed trust funds. In the Answer and Counterclaim to Mays' complaint, Sibley stated that he had received a "full and complete accounting" from McCord, stating:

> [P]roceeds … were paid over to W. Keith McCord, Attorney–at–Law, who was acting as escrow agent or trustee for the parties to this action and the business entities described in the Complaint; and that further, *Defendant avers that Plaintiff has been furnished with a full accounting by the aforesaid escrow agent or trustee of all monies received and disbursed by him;*

> Defendant avers that said funds were paid over by him to W. Keith McCord, the escrow agent or trustee for the parties, as hereinbefore described; and that *Defendant further avers that Plaintiff has been furnished a full and complete accounting by the aforesaid escrow agent or trustee for all funds received and disbursed by him;*

> Defendant avers that the above-named W. Keith McCord was not acting as "Sibley's attorney," as alleged, but rather, as is hereinbefore stated, was acting as the escrow agent or trustee for Plaintiff and Defendant and for the subject business entities, as hereinbefore de-

---

4. "The doctrine … rests solely on public policy which exalts the sanctity of the oath. The object is to safeguard the administration of justice by placing a restraint upon the tendency to reckless and false swearing and thereby preserve the public confidence in the purity and efficiency of judicial proceedings." *Melton,* 222 S.W.2d at 669; *see also Gilley v. Jernigan,* 597 S.W.2d 313, 318 (Tenn.Ct.App. 1979); and *Bubis v. Blackman,* 58 Tenn.App. 619, 435 S.W.2d 492 (Tenn.Ct.App.1968)

("[A] party cannot be allowed to solemnly take a position in the course of litigation which he thinks is to his advantage, and, then, change this position to another and contrary one when he deems it to his advantage to do so.")

5. The funds at issue in *Mays v. Sibley* are the same funds at issue here.

scribed, by agreement of Plaintiff and Defendant, and that *Plaintiff has received a full accounting of the activities of said escrow agent or trustee.* (emphasis added).

The assertions and pleadings by Sibley in *Mays v. Sibley* that he had received a full and complete accounting from McCord are judicial admissions. *See Marcus,* 993 S.W.2d at 602. As such, Sibley is precluded from now contending that he did not receive an "adequate" accounting. Thus, we affirm the dismissal of the claim for an accounting.

■ We now address the conversion issue. Actions for conversion of personal property shall be commenced within three-years of the accruing of the cause of action. Tenn.Code Ann. § 28–3–105. The three page ledger (accounting of trust activity) provided by McCord in July 1997 to Sibley states that the last trust activity was December 1995. Sibley's action for conversion was not commenced until January 10, 2001, more than three years later. Accordingly, Sibley's action for conversion is barred by the statute of limitations, Tenn.Code Ann. § 28–3–105, unless the statute of limitations is tolled due to fraudulent concealment.

■ Sibley contends that McCord fraudulently concealed the conversion of trust funds. To establish fraudulent concealment, a plaintiff must prove the following elements:

(1) that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do so; (2) that the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence; (3) that the defendant had knowledge of the facts giving rise to the cause of action; and (4) that the defendants concealed

material facts from the plaintiff by withholding information or making use of some device to mislead the plaintiff, or by failing to disclose information when he or she had a duty to do so.

*Pero's Steak and Spaghetti House v. Lee,* 90 S.W.3d 614, 625 (Tenn.2002) (citing *Shadrick v. Coker,* 963 S.W.2d 726, 735 (Tenn.1998)). The record only contains mere allegations by Sibley of fraudulent concealment. There is no credible evidence in the record to support these claims. Specifically, there is no credible evidence in the record that McCord took affirmative action to conceal the cause of action or that he failed to disclose material facts. There being no evidence to support the contention of fraudulent concealment, the chancellor correctly held that the action for conversion was barred by the three-year statute of limitations.

We also find that the chancellor did not commit the error of putting the cart before the horse. Plaintiffs contend that the chancellor should have first ruled on the statute of limitations issue and found the limitation applicable to accountings applied rather than conversion. By not doing so, they contend, the chancellor got the proverbial "cart before the horse." We find that the result would be no different had the chancellor first ruled on the cart or first ruled on the horse, because Sibley's judicial admissions bar Plaintiffs' claim for an accounting. Therefore, there was nothing left for the chancellor to erroneously put, or rule on, in the wrong order.

Costs of appeal are assessed jointly and severally against Appellants, James M. Sibley, S & M Body Shop, Inc., and Truck Sales & Service, Inc.